```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

PAMELLA LAWRENCE,                )
                                 )
         Plaintiff,              )
                                 )
         v.                      )    C.A. No. 20-11276-PBS
                                 )
SONY PICTURES ENTERTAINMENT      )
INC., et al.,                    )
                                 )
         Defendants.             )
```

**ORDER**

**November 3, 2020**

Saris, D.J.

Pro se litigant Pamella Lawrence, who provides a mailing address in Los Angeles, California, has filed a motion for leave to proceed in forma pauperis and a civil complaint against the following entities and persons: Sony Pictures, Entertainment Inc.; Amy Pascal; Michael Lynton; Kazuo Hirai; Clint Culpepper; Leonard Venger; Chris Rock; Amy Baer; Gareth Wigan; Dean Craig; Chris Rock Enterprises, Inc.; Jennifer Brockett; James Nguyen; and, "Does 1-5000 inclusive." For the reasons set forth below, the Court DISMISSES this action.

A court always has inherent power to dismiss frivolous or malicious actions, regardless of the status of the filing fee. See Mallard v. United States Dist. Ct., 490 U.S. 296, 307–308 (1989); Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000) (per curiam); Brockton Sav. Bank.

v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 11 n.5 (1st Cir. 1985).  As used in this context, the term "frivolous" refers to, inter alia, "a claim based on an indisputably meritless legal theory."  Nitezke v. Williams, 490 U.S. 319, 327 (1989).  A "malicious" lawsuit includes one in which the plaintiff attempts to relitigate a claim.  See Carter v. Schafer, 273 Fed. App'x. 581, 582 (8th Cir. 2008) (per curiam); Daley v. U.S. Dist. Court Dist. of Del., 629 F. Supp. 2d 357, 360 (D. Del. 2009); see also Griffin v. Zavaras, 336 Fed. App'x 846, 849 (10th Cir. 2009) ("A complaint that rehashes previously relitigated issues may be dismissed as frivolous or malicious.")

   Here, Lawrence's pleading is "frivolous or malicious."  As an initial matter, it is disorganized and impossible to understand.  Lawrence submitted 196 pages of documents; it is not clear which pages are meant to be the statement of her claim.  Further, there does not appear to be any effort by Lawrence to identify the alleged misconduct of each defendant did and the claims being asserted against that defendant.  As a result, Lawrence's complaint does not meet the "fundamental purpose" of a pleading, which "is to protect a defendant's 'inalienable right to know in advance the nature of the cause of action being asserted against him.'"  Ruiz Rivera v. Pfizer

2

Pharm., LLC, 521 F. 3d 76, 84 (1st Cir. 2008) (quoting Rodriguez v. Doral Mortg. Corp., 57 F. 3d 1168, 1171 (1st Cir.1995)).

Although the complaint is unintelligible, based on Lawrence's filings and publicly-available records of the United States Courts,[1] it appears that Lawrence's claims in the present action concern previous unsuccessful copyright actions she brought in the United States District Court for the Central District of California and her subsequent appeals before the Ninth Circuit.  In Lawrence v. Sony Pictures Ent., Inc., C.A. No. 10-04737 (C.D. Ca.), Lawrence claimed that the defendants' two movies titled "Death at a Funeral" infringed her copyright to a video and a book.  The trial court granted the defendants' motion for summary judgment, finding that Lawrence failed to raise a genuine issue of material fact that (1) she owned a valid copyright on the video at the relevant time; (2) there was a reasonable possibility that the defendants had access to the book; and(3) the defendants' films were substantially similar to the video or the book.  See Lawrence v. Sony Pictures Ent. Inc., C.A. No. 10-04737, 2011 WL 13143714 (C.D. Cal. July 28, 2011).

---

[1] These records are available through Public Access To Court Electronic Records ("PACER"), which can be found at pacer.uscourts.gov.

While Lawrence's appeal of the order granting summary judgment was pending, the trial court granted the defendants' motion for attorneys' fees.  In granting this motion, the court cited the frivolous nature of Lawrence's claims, the fact that she had settled similar claims against some of the defendants in a state court action commenced a decade earlier, and the fact that she had already commenced another state court action containing claims almost identical to those for which the court had just granted summary judgment for the defendants.  See Lawrence v. Sony Pictures Ent. Inc., 2011 WL 13217267 (C.D. Cal. Oct. 5, 2011).  The Ninth Circuit subsequently affirmed the grant of summary judgment and the award of attorneys' fees in favor of the defendants.  See Lawrence v. Sony Pictures Ent. Inc., 534 Fed. App'x 651 (9th Cir. 2013).

Undeterred, in 2015 Lawrence commenced another action for copyright infringement and for improper action by the defendants, the parties, their attorneys, and the court during adjudication of her 2010 case.  See United States ex rel Lawrence v. Sony Pictures Ent., Inc., C.A. No. 15-01378 (C.D. Cal.).  On March 25, 2015, the court summarily dismissed the complaint, reasoning that "[t]he principles of res judicata and claim preclusion render[ed] the present [c]omplaint frivolous."  Id. [ECF #11].

4

Lawrence's present attempt to require the defendants to defend against claims that have already been adjudicated in their favor is both frivolous and malicious.  It is frivolous because, inter alia, Lawrence seeks to bring claims on indisputably meritless legal theory.  As the court in the Central District Court already ruled, claims identical to those brought in the 2010 action and claims concerning the adjudication of that action are barred by res judicata.  Even knowing that her claims were barred by res judicata, Lawrence filed the present action.  Her attempt to require the defendants to respond to claims that had already been dismissed on the ground of res judicata was malicious.

**III. Conclusion**

Accordingly, for the reasons set forth above:

(1)  This action is DISMISSED as frivolous and malicious.

(2)  The Court certifies that any appeal of this action would not be taken in good faith for purposes of 28 U.S.C. § 1915(a)(3).

SO ORDERED.

      /s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE